UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| ANTOINE DOUGLASS JOHNSON, | No. 2:18-cv-0988 MCE AC P |
|---|---|
| Petitioner, | |
| v. | ORDER |
| J. SALAZAR, | |
| Respondent. | |

Petitioner is a federal prisoner proceeding pro se. Petitioner seeks relief pursuant to 28 U.S.C. § 2241. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On June 18, 2019, petitioner filed a motion requesting that this case be reassigned to a different magistrate judge. See generally ECF No. 19. For the reasons stated below, the motion will be denied. The mechanism by which petitioner may seek district judge review of this ruling is explained below.

I. PETITIONER'S MOTION FOR REASSIGNMENT

Petitioner's motion for reassignment is addressed to "the Chief Judge and En Banc Court." See ECF No. 19. In support of reassignment, petitioner cites to Appendix A of this court's Local Rules. See id. Petitioner contends that his case has not yet been reviewed, which demonstrates a "deep-seated favoritism or antagonism" on the part of the undersigned "that would

1

make fair judgment impossible." See id. (citation omitted). He further asserts that the undersigned is "conflicted" and "tempted to disregard neutrality," and that "such conflicts offend due process." See id.

II. DISCUSSION

### A. Petitioner's Motion Is Not Cognizable as Framed

Petitioner's motion is not cognizable as framed. Appendix A, Section (f) of the Local Rules does not provide for motions seeking the reassignment of a case, nor provide any grounds for reassignment; it simply describes the administrative process for reassignment under various circumstances. See generally Local Rules, App. A (E.D. Cal. 2009).

Moreover, the only judges who may consider a motion in a case are the judges assigned to that case. There is no provision in the Rules of Civil Procedure or the Local Rules for consideration of any case-related matter by the Chief Judge or by the district court sitting en banc. This case is assigned to the undersigned magistrate judge and to U.S. District Judge Morrison C. England. The case is referred to the undersigned by Local Rule 302(c)(17), which assigns all prisoner cases to the magistrate judge pursuant to 28 U.S.C. § 636. This means that non-dispositive matters are decided by the magistrate judge directly, with the possibility for reconsideration by the district judge. See 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); Local Rule 303(b),(c). Dispositive pre-trial matters are considered in the first instance by the magistrate judge, who submits Findings and Recommendations to the district judge for final ruling. See 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b); Local Rule 304. A litigant cannot avoid the referral to the magistrate judge by directing a motion to the district judge or Chief Judge. The only motion that the rules permit to be directed in the first instance to the district judge is a Request for Reconsideration by the District Court of Magistrate Judge's Ruling. Local Rule 303(c).

### B. The Motion Is Construed as a Motion for Recusal

In light of the substance of petitioner's motion, the undersigned construes it as one for recusal. The Ninth Circuit has "held repeatedly that the challenged judge h[er]self should rule on the legal sufficiency of a recusal motion in the first instance." United States v. Studley, 783 F.2d 934, 940 (9th Cir. 1986) (brackets added) (citing United States v. Azhocar, 581 F.2d 735, 738

(9th Cir. 1978) (collecting cases)). "Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein." 28 U.S.C. § 144. "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Under both recusal statutes, the substantive standard is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." Studley, 783 F.2d at 939 (quoting Mayes v. Leipziger, 729 F.2d 605, 607 (9th Cir. 1984) (internal quotations omitted)).

Petitioner's motion provides no facts that support his allegation that the undersigned has shown favoritism or antagonism, nor does it provide any facts indicating that the undersigned has any prejudice towards petitioner. On the contrary, petitioner's allegation of bias is primarily predicated on the amount of time his case has been on the docket. See, e.g., ECF No. 19 (petitioner alleging magistrate has not addressed matter in past fourteen months). No reasonable person with knowledge of all the facts would conclude that the delay indicates judicial partiality.

The Eastern District of California carries one of the largest and most heavily weighted caseloads in the nation. See Office of the Clerk, United States District Court, Eastern District of California, 2019 Annual Report, "Workload Statistics," p. 35 (2019) ("Our weighted caseload still exceeds the national average . . . ranking us eighth in the nation and second in the Ninth Circuit."). This problem is compounded by a shortage of jurists to review its pending matters. See generally id. (stating 2019 Biennial Judgeship Survey recommended preliminary request for five additional permanent judgeships for Eastern District of California).

Plaintiff's frustration with the pace of proceedings is entirely understandable, and likely shared by most if not all civil litigants proceeding in this court. The pace of this case is, unfortunately, typical of prisoner cases in this court. It therefore does not support any inference of personal animus against petitioner.

Moreover, judicial bias is disqualifying only if it stems from an extrajudicial source. United States v. Grinnell Corp., 384 U.S. 563, 583 (1966). Petitioner has alleged no extra-

judicial source of bias here. And just as adverse judicial rulings almost never constitute a valid basis for disqualification, Liteky v. United States, 510 U.S. 540, 555 (1994), judicial delay does not support recusal.

For all these reasons, the motion for recusal is denied.

III. Process for Seeking Review by the District Judge

As noted above, referral of this case to the undersigned means that the assigned district judge will not consider any motions in the first instance, even if petitioner addresses them to the district judge. The sole exception is a Request for Reconsideration by the District Court of Magistrate Judge's Ruling under Local Rule 303(c). If petitioner wants District Judge England to review this denial of his recusal motion, he must file such a request within 14 days. Local Rule 303(b). The Rule provides as follows:

> **Reconsideration by a District Judge.** A party seeking reconsideration of the Magistrate Judge's ruling shall file a request for reconsideration by a Judge and serve the Magistrate Judge and all parties. Such request shall specifically designate the ruling, or part thereof, objected to and the basis for that objection. This request shall be captioned "Request for Reconsideration by the District Court of Magistrate Judge's Ruling."

Local Rule 303(c).

In light of petitioner's incarcerated status, the undersigned will provide additional time for the filing of such a motion, pursuant to Local Rule 303(b).

IV. CONCLUSION

For the reasons explained above, petitioner's motion at ECF No. 19 is construed as a motion for recusal and is DENIED. Petitioner may file a request for reconsideration, pursuant to Local Rule 303(c), within twenty-one days of the date of this order.

IT IS SO ORDERED.
DATED: December 4, 2019

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

4