UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTOINE DOUGLASS JOHNSON,<br><br>   Petitioner,<br><br> v.<br><br>J. SALAZAR,<br><br>   Respondent. | No. 2:18-cv-0988 MCE AC P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |
| ANTOINE DOUGLASS JOHNSON,<br><br>   Petitioner,<br><br> v.<br><br>PAUL THOMPSEN,<br><br>   Respondent. | No. 2:18-cv-1977 JAM AC P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |
| ANTOINE DOUGLASS JOHNSON,<br><br>   Petitioner,<br><br> v.<br><br>PAUL THOMPSEN,<br><br>   Respondent. | No. 2:18-cv-2580 MCE AC P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Petitioner is a federal prisoner proceeding pro se. He is presently incarcerated at the Herlong Federal Correctional Institution located in the Eastern District of California, and is serving a sentence imposed by the U.S. District Court for the Western District of Washington. In each of the above-captioned cases, as in the previously-dismissed cases Johnson v. Salazar, 2:17-cv-1310 JAM KJN ("Salazar I") and Johnson v. Ponce, 2:16-cv-1037 JAM AC ("Ponce"), petitioner purports to seeks habeas relief pursuant to 28 U.S.C. § 2241. Petitioner has also requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Johnson v. Salazar, No. 2:18-cv-0988 MCE AC P ("Salazar II"), ECF No. 2; Johnson v. Thompsen, No. 2:18-cv-1977 JAM AC P ("Thompsen I"), ECF No. 2; Johnson v. Thompsen, No. 2:18-cv-2580 MCE AC P ("Thompsen II"), ECF No. 2. These matters are referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

For the reasons that follow, the undersigned will grant the motions to proceed in forma pauperis, and recommend dismissal of all three open cases.

I. IN FORMA PAUPERIS APPLICATIONS

Examination of the in forma pauperis applications reveal that petitioner is unable to afford the costs of suit. See Salazar II, ECF No. 2; Thomspsen I, ECF No. 2; Thomspsen II, ECF No. 2. Accordingly, the applications to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

II. THIS COURT LACKS JURISDICTION OVER THE PETITIONS

A. Overview

The Rules Governing Section 2254 Cases apply in full to habeas petitions brought pursuant to Section 2241. See Rule 1(b), Rules Governing Section 2254 Cases ("The district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a) [governing petitions brought pursuant to Section 2254])." Habeas Rule 4 requires the court to summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." The Federal Rules of Civil Procedure require the court to dismiss any action over which it lacks subject matter jurisdiction. Rule 12(h)(3), Fed. R. Civ. P.

Each of the three petitions now before the court directly challenges the validity of petitioner's 2012 conviction in the Western District of Washington for health care fraud, filing false income taxes, and illegal distribution of controlled substances. See Salazar II, ECF No. 1; Thomspsen I, ECF No. 1; Thomspsen II, ECF No. 1. Petitioner contends that these actions are properly brought under 28 U.S.C. § 2241 because petitioner is actually innocent in light of changes in the law, and that 28 U.S.C. § 2255 does not provide an adequate and effective remedy. Id.

Petitioner has previously brought, and lost, a motion attacking his sentence under § 2255. See United States v. Johnson, Case No. 03:09-cr-05703 RBL, ECF No. 107 (W.D. Wash.), ECF Nos. 707, 708. He has also repeatedly been told that he cannot bring a § 2241 petition in this district attacking his conviction and sentence. Ponce, ECF No. 17 (recommendation for dismissal), ECF No. 24 (order adopting recommendation); Salazar I, ECF No. 16 (recommendation for dismissal), ECF No. 21 (order adopting recommendation), ECF No. 37 (recommendation for denial of multiple motions for post-judgment relief), ECF No. 47 (order adopting recommendation), ECF No. 59 (recommendation for denial of another motion for post-judgment relief), ECF No. 67 (order adopting recommendation).

For the reasons that follow, the undersigned recommends that petitioner's three open cases—which can only be construed as a piecemeal and unauthorized second or successive § 2255 motion over which this court lacks jurisdiction—be summarily dismissed pursuant to Habeas Rule 4, supra.[1]

B. Challenging the Validity of a Conviction Under § 2241

As a general rule, 28 U.S.C. § 2255 provides the exclusive procedural mechanism by which a federal prisoner may test the legality of detention. Harrison v. Ollison, 519 F.3d 952, 955 (9th Cir. 2008).

> By the terms of section 2255, a prisoner authorized to apply for section 2255 relief may not bring a section 2241 petition for a writ of habeas corpus "if it appears that the applicant has failed to apply

---

[1] Petitioner has filed notices of related cases that the court need not address in light of the recommendation for summary dismissals.

>     for relief, by motion, to the court which sentenced him, or that such
>     court has denied him relief."

Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988) (quoting 28 U.S.C. § 2255).

"Under the savings clause of § 2255, however, a federal prisoner may file a habeas corpus petition pursuant to § 2241 to contest the legality of a sentence where his remedy under § 2255 is 'inadequate or ineffective to test the legality of his detention.'" Hernandez v. Campbell, 204 F.3d 861, 864-65 (9th Cir. 2000) (quoting 28 U.S.C. § 2255). "[A] § 2241 petition is available under the 'escape hatch' of § 2255 when a petitioner (1) makes a claim of actual innocence, and (2) has not had an 'unobstructed procedural shot' at presenting that claim." Stephens v. Herrera, 464 F.3d 895, 898 (9th Cir. 2006) (citations omitted). This is a narrow exception. See Ivy v. Pontesso, 328 F.3d 1057, 1059 (9th Cir. 2003). The burden is on the prisoner to show that his Section 2255 remedies are inadequate or ineffective. See, e.g., Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

In the Ninth Circuit, a claim of actual innocence for purposes of the § 2255 savings clause is tested using the standard articulated by the U.S. Supreme Court in Bousley v. United States, 523 U.S. 614 (1998). Stephens, 464 U.S. at 898. Accordingly, actual innocence means factual innocence, not legal insufficiency. See Bousley, 523 U.S. at 623. The petitioner must introduce "evidence tending to show that he did not commit the [acts] underlying his convictions." Marrero v. Ives, 682 F.3d 1190, 1192 (9th Cir. 2012). To demonstrate that he has not had an unobstructed shot to raise his claim previously, a petitioner must show that the claim did not become available until after he had exhausted his direct appeal and first § 2255 motion. Harrison, 519 F.3d at 960.

C. *Ponce* and *Salazar I*

In petitioner's previous cases, he challenged his conviction on the asserted grounds of actual innocence and changes in the law. He contended that he qualified under revised Health and Human Services regulations as a substance abuse treatment provider, and that application of those regulations would have protected his patient records from seizure and required a court order prior to any criminal investigation. In both cases, the court found that these contentions were

4

insufficient to allege factual innocence. See Ponce, ECF No. 17 at 3-4; Salazar I, ECF No. 16 at 7-8. In both cases the court also found that petitioner had previously had an unobstructed shot at raising the substance of his claim in the court of conviction. See Ponce, ECF No. 17 at 4-5; Salazar I, ECF No. 16 at 9-12. For these reasons, the court found in both cases that the claims were not cognizable under § 2241 and that it accordingly lacked subject matter jurisdiction. Ponce, ECF No. 17 at 5; Salazar I, ECF No. 16 at 13. Certificates of appealability were denied.

### D. *Salazar II*, No. 2:18-cv-0988 MCE AC P

Salazar II presents a version of the same claim previously adjudicated in Ponce and Salazar I, and this court lacks jurisdiction for the same reasons as in those cases. Specifically, petitioner alleges that his conviction is invalid because the underlying investigation lacked judicial pre-authorization as required by regulations that were amended after his conviction. See Salazar II, ECF No. 1 at 6-7, 10-15. Petitioner contends that that he may bring this claim in a § 2241 petition because the claim was not available at the time of his § 2255 motion. Id. at 5.

Petitioner does not qualify for the § 2255 savings clause because, first, his claim does not involve actual innocence. He does not proffer any evidence that he did not "not commit the [acts] underlying his convictions." See Marrero, 682 F.3d at 1192. Rather, his "innocence" claim involves alleged legal inadequacy, which does not come within the ambit of the narrow exception to § 2255. Moreover, as Magistrate Judge Newman explained in detail in Salazar I, it is simply not the case that the regulatory changes petitioner identifies gave rise to a claim that had not previously existed and which § 2255 was therefore inadequate to vindicate. See Salazar I, ECF No. 16 at 9-21 (noting that petitioner had raised substantially similar issues pretrial, on direct appeal, and in his § 2255 motion, and that subsequent minor changes to the regulations did not create any new claims). Accordingly, just as in Ponce and Salazar I, this petition is not cognizable under 28 U.S.C. § 2241 and must be dismissed.

### E. *Thompsen I*, No. 2:18-cv-1977 JAM AC P

This petition presents a substantive claim of prosecutorial misconduct in violation of Napue v. Illinois, 360 U.S. 264 (1959). Petitioner alleges that the "Prosecutor allowed false testimony or evidence into the record then refused to provide a reasonable remedy." Thompsen I,

ECF No. 1 at 3, 5-16.  Specifically, petitioner challenges the veracity of certain trial testimony regarding his office's Medicare billing practices and related software.  Id. at 8-11.  The petition also asserts actual innocence on grounds that "No reasonable jury would convict me in view of [the] Prosecutor's wrongdoing."  Id. at 3.

Prosecutorial misconduct is precisely the type of claim which generally must be raised on a motion under § 2255.  No exception to exclusive § 2255 jurisdiction exists here, because plaintiff has not presented evidence that would establish his factual innocence.  He merely challenges the truthfulness of testimony that was subject to cross-examination at trial.  The later-discovered evidence that petitioner produces to contradict the disputed testimony, see Thompsen II, ECF No. 1 at 19, 29-38 (petitioner's Exhibits 51 and 52), does not undermine his conviction but suggests, at most, additional avenues for potential witness impeachment that the jury may or may not have found persuasive.  As the Supreme Court has noted, "latter-day evidence brought forward to impeach a prosecution witness" will seldom, if ever, make a clear and convincing showing that no reasonable juror would have believed the heart of the government's case.  Sawyer v. Whitley, 505 U.S. 333, 349 (1992).

Even if petitioner presented a cognizable claim of actual innocence, however, it is clear that he cannot meet the "unobstructed shot" prong because his Napue claim existed at the time of his § 2255 motion.  The alleged false testimony was necessarily known to petitioner at the time of trial.  The impeachment evidence that petitioner avers his mother discovered at his former medical clinic at an (unspecified) later date, ECF No. 1 at 19, 29-38, is paperwork *from petitioner's clinic*, all of which existed at the time of trial.  Accordingly, petitioner had an unobstructed shot to raise this claim previously, and the § 2255 savings clause does not apply.

This petition is therefore not cognizable under § 2241, and must be dismissed for lack of jurisdiction.

F.  *Thompsen II*, No. 2:18-cv-2580 MCE AC P

This petition also attacks petitioner's underlying conviction and sentence, this time on grounds that "the agency changed the adjudicated meaning of 'holds itself out.'"  ECF No. 1 at 3.  Petitioner contends that a change in Health and Human Services regulations renders him actually

innocent, providing both grounds for relief and the ability to raise the claim in a § 2241 petition. Id., *passim*. Although this petition focuses on an alleged redefinition of the words "holds itself out," the regulatory framework at issue is the same one as in Ponce, Salazar I and Salazar II. For the same reasons as in those cases, petitioner does not qualify for the § 2255 savings clause: his theory of "innocence" involves legal and not factual innocence, and he both had a chance to raise substantially similar issues in the court of conviction and he did so. Accordingly, § 2241 jurisdiction is not available and the petition should be dismissed.

III. CONCLUSION

These three § 2241 petitions represent an impermissible attempt to circumvent the procedural limitations on filing a second or successive § 2255 motion. See Moore v. Reno, 185 F.3d 1054, 1055 (9th Cir. 1999) (movant may not avoid the limitations imposed on successive petitions by styling his petition as one pursuant to § 2241 rather than § 2255); see also United States v. Valdez-Pacheco, 237 F.3d 1077 (9th Cir. 2001) (procedural limits on filing second or successive § 2255 motion may not be circumvented by invoking the All Writs Act). Because petitioner has not been granted leave by the Court of Appeals to file a second or successive § 2255 motion, construing these petitions as such and transferring them to the Western District of Washington would be futile. Instead, all three should be dismissed without prejudice for lack of jurisdiction.

Accordingly, IT IS HEREBY ORDERED that petitioner's applications to proceed in forma pauperis in each of these cases are GRANTED.

IT IS HEREBY RECOMMENDED that each of these petitions be DISMISSED without prejudice for the reasons explained above, and that the court DECLINE to issue the certificates of appealability referenced in 28 U.S.C. § 2253 in each of the above-referenced matters.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, petitioner may file separate, written objections with the court in each of the three matters. Such documents should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections

7

within the specified time may waive the right to appeal the District Court orders. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991). In his objections, petitioner may also address whether certificates of appealability should issue in the event he files appeals of the judgments in these cases. See 28 U.S.C. § 2253(c)(2).

DATED: February 25, 2020

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE