UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTOINE DOUGLASS JOHNSON,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>J. SALAZAR,<br><br>　　　　　Respondent. | No. 2:18-cv-0988 MCE AC P<br><br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner is a federal prisoner seeking habeas relief, purportedly under 28 U.S.C. § 2241. The petition has been dismissed for lack of subject matter jurisdiction. ECF Nos. 22 (Findings and Recommendations), 28 (Order adopting Findings and Recommendations). Judgment was entered on March 17, 2020. ECF No. 29. On March 23, 2020, petitioner filed both a notice of appeal (ECF No. 31) and a motion to amend the judgment pursuant to Fed. R. Civ. P. 59(e) (ECF No. 32). On March 25, 2020, petitioner filed a motion for amended or additional findings pursuant to Fed. R. Civ. P. 52(b) (ECF No. 37). These motions are before the magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. For the reasons that follow, the undersigned recommends denial of both motions.

I. Background

Petitioner has filed numerous petitions in this district, where he is incarcerated, challenging the validity of his underlying conviction and sentence, which were imposed in the Western District of Washington. The judges who have reviewed these petitions to date have all

1

concluded that this court lacks subject matter jurisdiction. See ECF No. 22 (consolidated Findings and Recommendations issued in this case and in Johnson v. Thompsen, No. 2:18-cv-1977 JAM AC P ("Thompsen I") and Johnson v. Thompsen, No. 2:18-cv-2580 MCE AC P ("Thompsen II")); ECF No. 28 (order adopting Findings and Recommendations in this case); Johnson v. Salazar, 2:17-cv-1310 JAM KJN ("Salazar I"), ECF No. 16 (recommendation for dismissal), ECF No. 21 (order adopting recommendation); Johnson v. Ponce, 2:16-cv-1037 JAM AC ("Ponce"), ECF No. 17 (recommendation for dismissal), ECF No. 24 (order adopting recommendation). Plaintiff has also filed numerous post-judgment motions in his previous cases, and has been informed of the legal inadequacy of those motions and the standards that govern post-judgment relief. See Salazar I, supra, ECF No. 37 (recommendation for denial of motions brought under Fed. R. Civ. P. 52(b) and 59(e)); ECF No. 47 (order adopting recommendation); ECF No. 59 (recommendation for denial of motion brought under Fed. R. Civ. P. 60(b)); ECF No. 67 (order adopting recommendation).

Petitioner's serial litigation and abusive motion practices continue to unduly burden the court. Because the underlying factual and legal issues in this case have previously been addressed in detail, see ECF No. 22, the undersigned will not reprise them here.

II.     Petitioner's Motion Under Rule 59(e) (ECF No. 32)

Generally, once an appeal is filed, a district court no longer has jurisdiction to consider motions affecting the judgment. Davis v. Yageo Corp., 481 F.3d 661, 685 (9th Cir. 2007) (citation omitted). However, under Rule 4 of the Federal Rules of Appellate Procedure, if a party files a notice of appeal after the entry of judgment but before disposition of certain motions, including a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e), then the district court retains jurisdiction to consider and decide that motion and the notice of appeal becomes effective when that motion is resolved. Because petitioner filed his motion within 28 days after the entry of judgment, the motion was timely filed under Rule 59(e). See Lee-Thomas v. Prince George's County Public Schools, 666 F.3d 244, 247 n.4 (4th Cir. 2012).

A Rule 59(e) motion to alter or amend the judgment is an "extraordinary remedy which should be used sparingly." Allstate Ins. Co. v. Herron, 634 F.3d 1101, 1111 (9th Cir. 2011). In

general, there are four grounds upon which a Rule 59(e) motion may be granted:

> (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law.

Id. (citing McDowell v. Calderon, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (en banc) (per curiam)).

Petitioner's motion presents no basis for relief. He argues only that the petition in this case should have been construed as a motion to amend a previously filed petition that was then pending in this court, rather than being dismissed. ECF No. 32. The underlying lack of jurisdiction over petitioner's claims completely defeats this theory. This motion must therefore be denied.

III. Petitioner's Motion Under Rule 52(b) (ECF No. 37)

Rule 52 permits a party to file a motion to amend the findings or make additional findings, and to amend the judgment accordingly. It applies in actions tried on the facts without a jury. Fed. R. Civ. P. 52(a). Motions under Rule 52(b) are primarily designed to correct findings of fact which are central to the ultimate decision. Rule 52(b) motions are appropriately granted in order to correct manifest errors of law or fact or to address newly discovered evidence or controlling case law. Fontenot v. Mesa Petroleum Co., 791 F.2d 1207, 1219-20 (5th Cir. 1986). A motion to amend a court's factual and legal findings is properly denied where the proposed additional facts would not affect the outcome of the case or are immaterial to the court's conclusions. Weyerhaeuser Co. v. Atropos Island, 777 F.2d 1344, 1352 (9th Cir. 1985).

Here, petitioner seeks a factual finding that Salazar I, supra, was pending when this case was filed. ECF No. 37. Petitioner seems to think that this affects the legal conclusion that the instant petition is "second or successive" within the meaning of 28 U.S.C. § 2244(b).[1] Petitioner is wrong. As he has been repeatedly informed, each habeas petition that he has attempted to bring

---

[1] The petition was dismissed because it is not cognizable under § 2241, and cannot be recharacterized as a § 2255 motion due to the statutory prohibition of unauthorized second or successive § 2255 motions. ECF Nos. 22, 28.

3

under Section 2241 amounts to an unauthorized, successive Section 2255 motion because it challenges the fact of his conviction, and is "second and successive" in relation to the Section 2255 motion that he previously litigated in the Western District of Washington. The factual finding that petitioner seeks therefore would not affect the outcome of this case. This motion must be denied.

## CONCLUSION

For the reasons explained above, it is HEREBY RECOMMENDED that the motions at ECF No. 32 and ECF No. 37 be DENIED. It is FURTHER RECOMMENDED that any request for certificate of appealability from this decision be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such documents should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. See 28 U.S.C. § 2253(c)(2). Failure to file objections within the specified time may waive the right to appeal the District Court orders. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 27, 2020

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE