1
2
3
4
5
6
7
8            UNITED STATES DISTRICT COURT
9        FOR THE EASTERN DISTRICT OF CALIFORNIA
10

11   ANTOINE DOUGLASS JOHNSON,            No.  2:18-cv-0988 MCE AC P

12              Petitioner,

13        v.                              ORDER

14   J. SALAZAR,

15              Respondent.

16

17   ANTOINE DOUGLASS JOHNSON,            No.  2:18-cv-1977 JAM AC P

18              Petitioner,

19        v.                              ORDER

20   PAUL THOMPSEN,

21              Respondent.

22   ANTOINE DOUGLASS JOHNSON,            No.  2:18-cv-2580 MCE AC P

23              Petitioner,

24        v.                              ORDER

25   PAUL THOMPSEN,

26              Respondent.

27

28

1

Petitioner, a federal prisoner proceeding pro se, seeks habeas relief pursuant to 28 U.S.C.

§ 2241.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. §

636(b)(1)(B) and Local Rule 302.

I.      MOTIONS TO ENROLL IN PACER DATABASE

In each of the above-listed cases, petitioner has filed a second ex parte motion requesting

that he be granted "free enrollment to public access to court electronic records ("PACER")."  See

Johnson v. Salazar, No. 2:18-cv-0988 MCE AC P ("Salazar"), ECF No. 44; Johnson v.

Thompsen, 2:18-cv-1977 JAM AC P ("Thompsen I"), ECF No. 26, and Johnson v. Thompsen,

2:18-cv-2580 MCE AC P ("Thompsen II"), ECF No. 23.  Petitioner's previous motions for

PACER access were denied for non-compliance with the applicable Local Rule.  See Salazar,

ECF No. 42; Thompsen I, ECF No. 25; Thompsen II, ECF No. 22.  The motions seek both free

PACER enrollment and CM/ECF access, without distinguishing between the two.

Although the Eastern District of California is an electronic management/filing district,

unrepresented persons are required to file and serve paper documents unless the assigned District

Judge or Magistrate Judge grants leave to utilize electronic filing.  Local Rule 133(a) & (b)(2).  A

request to use electronic filing by a pro se party as an exception to the rule may be made as a

written motion setting out an explanation of reasons for the requested exception.  Local Rule

133(b)(3).

Petitioner now expressly states that he agrees to follow the federal and local rules of the

court.  He has not, however, provided the requisite explanation of reasons why the court should

make the requested exception.  Moreover, while he indicates that he has some of the tools needed

to file documents electronically, he does not address all the requirements.  Specifically, petitioner

does not state that he has:  (1) PDF conversion software to convert word processing documents

into .pdf format, and (2) a scanner for exhibits or other supporting documents that are only in

paper format.[1]  See generally Salazar, ECF No. 44; Thompsen I, ECF No. 26, and Thompsen II,

ECF No. 23.  In response to his prior motions, petitioner was warned that his failure to address all

---

[1]  Items needed for e-filing may be found in the online CM/ECF User Manual at:
http://www.caed.uscourts.gov/caednew/index.cfm/cmecf-e-filing/cmecf-users-manual/

requirements would result in the denial of any subsequent motion to e-file.  See Salazar, ECF No. 44 at 3; Thompsen I, ECF No. 26 at 3, and Thompsen II, ECF No. 23 at 3.

Regardless, these motions will be denied on the merits.  Over the past two years, petitioner has been able to file paper documents in all three of his open cases.  No reason has been presented that electronic filing is necessary or appropriate; the record supports the contrary conclusion.  And given the procedural posture of these cases (dispositive Findings and Recommendations are pending before the district judge), little additional filing will be required in any event.  To the extent that petitioner seeks waiver of fees for the PACER account that he has created, he presents no authority for such a waiver and the court is aware of none.

Accordingly, IT IS HEREBY ORDERED that:

1.  Petitioner's motion to receive free enrollment in PACER in Johnson v. Salazar, No. 2:18-cv-0988 MCE AC P (ECF No. 44) is DENIED;

2.  Petitioner's motion to receive free enrollment in PACER in Johnson v. Thompsen, No. 2:18-cv-1977 JAM AC P (ECF No. 26) is DENIED, and

3.  Petitioner's motion to receive free enrollment in PACER in Johnson v. Thompsen, No. 2:18-cv-2580 MCE AC P (ECF No. 23) is DENIED.

DATED: May 1, 2020

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

3